# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CHEMICAL BANK f/k/a TALMER BANK AND TRUST, ) ) ) Plaintiff, ) ) vs. ) ) LAMPE FAMILY LIVING TRUST (IRREVOCABLE LIVING TRUST AGREEMENT), MICHAEL A. LAMPE, Individually and as Trustee of the LAMPE FAMILY LIVING TRUST, SANDRA L. LAMPE, Individually and as Trustee of the LAMPE FAMILY LIVING TRUST, LAND RUNNER, LLC f/k/a CASHION & LAMPE, LLC, and AC HOME GROUP, LLC, ) ) ) ) ) ) ) ) ) ) ) ) Defendants. ) | Civil No. 2018-23 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Chemical Bank's (f/k/a Talmer Bank and Trust) motion for attorney's fees pursuant to Federal Rule of Civil Procedure 37. [ECFs 65, 66]. The Lampe Family Living Trust, Michael A. Lampe, individually and as Trustee of the Lampe Family Living Trust, Sandra L. Lampe, individually and as Trustee of the Lampe Family Living Trust, and Land Runner, LLC f/k/a Cashion & Lampe, LLC (collectively the "Lampe Defendants") have not responded to the motion and the time to do so has expired.

### I. BACKGROUND

On May 4, 2018, Chemical Bank sued the Lampe Defendants in an effort to collect on a Wisconsin state court judgment against Michael A. Lampe and Sandra L. Lampe.[1] [ECF 1] at 4. Since the case's inception, the Lampe Defendants have failed, on multiple occasions, to meet filing

---

[1] The Wisconsin judgment, which was issued on February 22, 2016, was domesticated in the U.S. Virgin Islands on February 9, 2018. [ECF 1] at 4.

deadlines. *See, e.g.*, [ECF 29] at 1 (July 29, 2018 Order wherein the Court noted the Lampe Defendants' failure to comply with their initial disclosure requirements); [ECF 44] (October 25, 2018 Order wherein the Court noted the Lampe Defendants' failure to timely respond to plaintiff's written discovery requests); [ECF 46] (November 20, 2018 Order wherein the Court noted the Lampe Defendants' continued failure to timely respond to plaintiff's written discovery requests). As a result, the Court attempted to assist the parties in resolving their issues at two separate conferences. *See* [ECF 46] (November 20, 2018 Order following discovery conference); [ECF 82] (May 16, 2019 Order following interim pretrial conference).

On January 2, 2019, Chemical Bank moved to compel the Lampe Defendants to respond to plaintiff's outstanding discovery requests and for attorney's fees. [ECF 55]. The Lampe Defendants failed to respond and on January 25, 2019, the Court granted plaintiff's motion to compel:

> Here, it is undisputed that the Lampe Defendants failed to (1) respond to interrogatories, (2) respond to requests to produce, (3) respond to requests to admit, and (4) provide documents identified in their initial disclosures. Further, not only did the Lampe Defendants fail to comply with Rules 26, 33, 34 and 36, but they also failed to comply with two of this Court's orders. Lastly, the Lampe Defendants have offered no excuse or justification for these repeated failures. Under these circumstances, Chemical Bank is entitled to relief in the form of an order to compel.

[ECF 63] at 3. In addition, the Court noted that it was "required to impose sanctions for the Lampe Defendants' conduct, as these failures were neither 'substantially justified,' nor [were] there circumstances that would otherwise make an award of expenses 'unjust.'" *Id.* (citing Fed. R. Civ. P. 37(a)(5)(A)). Thus, the Court ordered plaintiff to "submit a properly supported request for fees and costs." *Id.* at 4.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 37 allows a party to move to compel discovery where another party fails to make disclosures under Rule 26, answer interrogatories under Rule 33, produce documents under Rule 34, or respond to requests for admission under Rule 36.  Fed. R. Civ. P. 37(a)(3)(A), (B)(iii), and (B)(iv); Fed. R. Civ. P. 37(c)(2); Fed. R. Civ. P. 37(d).  If the court grants the motion, it must also require the recalcitrant party, or the attorney advising the conduct, or both, to pay the reasonable expenses incurred by the movant in making the motion— including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(c)(2); Fed. R. Civ. P. 37(d)(3).  A court may decline to impose sanctions if it determines that the failure to respond was "substantially justified," or if there are other circumstances that would "make an award of expenses unjust."  *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A).  Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with [a] disclosure request."  *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002)).  Lastly, the court may also sanction any party that fails to comply with a discovery order.  Fed. R. Civ. P. 37(b).

With respect to an award of attorney's fees, the party seeking such an award bears the initial burden of proving its request is reasonable.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  "This burden is met where the fee petitioner 'submit[s] evidence supporting the hours worked and rates claimed.'"  *Cmty. Ass'n Underwriters of America, Inc. v. Queensboro Flooring Corp.*, 2016 WL 1076910, at *2 (M.D. Pa. Mar. 18, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Once the requisite showing is made, the burden shifts to the opposing party "to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice,

the reasonableness of the requested fee." *Rode*, 892 F.2d at 1183. If the adverse party objects to the reasonableness of the requested attorney's fees, the court may, upon consideration of those objections, adjust the award. *In re Atomica Design Grp., Inc. v. WeVeel LLC*, 591 B.R. 217, 240 (Bankr. E.D. Pa. 2018). In so doing, the court may consider "time spent and labor required, the complexity of the legal issues, the customary fee in the community, the nature and length of the professional relationship, and awards in similar cases." *Id.*

"[W]hen an opposing party has been afforded the opportunity to raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure, and declines to do so, no reason occurs to us for permitting the trial court to disregard uncontested affidavits filed by a fee applicant." *Cunningham v. City of McKeesport*, 753 F. 2d 262, 267 (3d Cir. 1985), vacated on other grounds, 478 U.S. 1015 (1986), and reinstated, 807 F.2d 49 (3d Cir. 1986); *accord Jackson Hewitt Inc. v. Nat'l Tax Network, LLC*, 2015 WL 5770089, at *4 (D.N.J. Sept. 29, 2015) (granting plaintiff's unopposed motion for a default judgment and attorney's fees under Rule 37 and noting the court's inability to *sua sponte* reduce the fee award in the absence of specific objections by the opposing party). Of course, the party seeking attorney's fees bears the initial burden of satisfying the Court as to the reasonableness of its request.

### III. DISCUSSION

The Lampe Defendants have failed to respond to plaintiff's fee petition. The issue before the Court, therefore, is whether plaintiff has carried its burden of demonstrating that its request is reasonable. Here, to that end, Chemical Bank has proffered the Declaration of George R. Hicks, Jr., Esq., along with an attachment that details the tasks performed and the time incurred for such tasks. [ECF 66-3]. Chemical Bank also submits the Declarations of Michael Davis Hoenig, Esq. [ECF 66-1] and Chad C. Messier, Esq. [ECF 66-2] in support of the fee request. Chemical Bank

seeks an award of attorney's fees in the amount of $13,664.00 in connection with its efforts to obtain discovery from the Lampe Defendants. [ECF 66] at 1.

As an initial matter, the Court notes that Attorney Messier's declaration suggests an appropriate rate to be charged in this jurisdiction. [ECF 662] ¶¶ 4-5. Attorney Messier states that he has over 25 years of experience in complex commercial litigation and that his rate in this matter is $385 per hour. *Id*. This rate is consistent with prior decisions of this Court. *See, e.g., Arrow-Pocono Lines, Inc. v. Lowell Land, LLC,* 2016 U.S. Dist. LEXIS 60362, at *15-16 (D.V.I. May 6, 2016) (explaining that "this Court has previously found attorney's fees at $300.00 per hour to be at the upper end of reasonableness in the Virgin Islands" and approving a $300 hourly rate notwithstanding that the attorney had contracted for a rate of $350 per hour) (citations omitted). As Chemical Bank acknowledges, [ECF 66] at 7, the benchmark for determining the reasonableness of hourly rates is based on fees customarily charged in the locality. Further, the Court notes that the expertise required in this instance was not of a high level, as it required solely pursuing discovery that was not forthcoming, rather than, for example, negotiating compliance with discovery to which objections were raised. As a result, Attorney Hick's rate will be capped at $385 per hour for purposes of this motion. Lastly, the Court deems reasonable Attorney Hoenig's requested rate of $260 per hour, given he is an associate with 10 years of experience in commercial litigation. *See* [ECF 66-1] ¶¶ 4-5.

With respect to the time spent, although some of the time entries consist of so-called "block billing," the Court was able to determine that the time spent on the various tasks was reasonable. Accordingly, the Court will grant fees for the described tasks.

## IV. CONCLUSION

The premises considered, it is hereby ORDERED that the motion is GRANTED in part and DENIED in part. Chemical Bank is awarded fees in the amount of $12,315.00, payable by the Lampe Defendants no later September 30, 2019.

**Dated:** September 9, 2019          S_____
                                                        **RUTH MILLER**
                                                        United States Magistrate Judge